```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

MARION KINCHEN,

                Plaintiff,

vs.                              Case No. 2:05-cv-380-FtM-29SPC

JO ANNE BARNHART, Commissioner of
Social Security,

                Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. #16), filed on September 7, 2006, recommending that the Commissioner's decision to deny social security disability benefits be reversed and remanded with instructions to the Commissioner to further consider plaintiff's subjective pain complaints and obtain the services of a vocational expert. The Commissioner filed Objections (Doc. #17) on September 18, 2006.

**I.**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.

Moore v. Barnhart, 405 F.3d 1206, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn ex rel. Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

**II.**

There are several items in the Report and Recommendation in the nature of a scrivener's error which the Court declines to adopt. Plaintiff's Complaint (Doc. #1) was filed by counsel, and therefore plaintiff was not proceeding *pro se* (Doc. #16, p. 1). The Administrative Law Judge (ALJ) found plaintiff had the RFC to perform a full range of medium work, not a full range of light work as stated at page six of the Report and Recommendation. Plaintiff was treated for hypertension on October 26, 2002, not October 26, 2006 (Doc. #16, p. 13).

At Step 5 of the evaluation process the ALJ relied exclusively upon the Grids to determine that plaintiff was not disabled. As the Report and Recommendation correctly states, to properly rely exclusively upon the Grids, instead of obtaining the services of a vocational expert, a claimant must be able to perform unlimited types of work at a given residual functional level, and the ALJ must make a specific finding as to whether a non-exertional limitation was severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations. (Doc. #16, p. 17.) The Report and Recommendation found that the ALJ failed to clearly articulate why he found plaintiff's subjective pain complaints not credible, and therefore improperly relied exclusively upon the Grids.

The ALJ stated that "claimant's allegations concerning the severity of her symptoms and resulting functional limitations are not totally credible for the reasons set forth in the body of the decision." (Tr. 23.) The ALJ's entire discussion of the issue in the body of the decision is as follows:

> In reaching conclusions about claimant's residual functional capacity, the undersigned has also considered the claimant's own subjective allegations [ ] and finds then generally credible as to the *nature* of the symptoms, but <u>not fully credible as to the *severity* of the symptoms or as to resulting limitations</u> in light of the objective medical evidence. Consideration is also given to the medical records in October 2002 and November 2002 that reflected that claimant did not demonstrate pain on her physical examinations (Exhibits C-15/7 and C-15/10).

(Tr. 21, emphasis in original.)  The Report and Recommendation concluded: "In this instance, the ALJ failed to clearly articulate why he found the Plaintiff's subjective pain complaints not credible."  (Doc. #16, p. 18.)

"If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so."  Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002).  Failure to do so requires that the testimony be accepted as true.  Id.  The ALJ stated that the reasons he discounted plaintiff's subjective pain complaints were because of the objective medical evidence and plaintiff's failure to demonstrate pain on two physical examinations.  While this is explicit, it is not adequate in this case.

The two physical examinations referenced by the ALJ support his statement that plaintiff did not exhibit pain during the examinations.  (Tr. 316-17, 319.)  Significantly, however, the very next paragraph of the ALJ's Decision states that the ALJ gave "great weight" to the opinion of Dr. Ijewere that plaintiff's low back pain is "moderate," which the ALJ found to be "consistent with other substantial objective evidence in the case record."  (Tr. 21.)  Dr. Ijewere did indeed find plaintiff's low back pain to be moderate (Tr. 164), and the objective record included an MRI from August 5, 1998, demonstrating disc degeneration with left lateral disc bulging at L4-5 and also central disc bulging with disc degeneration to a mild degree at L5-S1 (Tr. 286), and Dr. Ijewere's

finging that plaintiff was morbidly obese (Tr. 163). With this record, the ALJ was obligated to say more than that plaintiff was "not fully credible as to the severity of the symptoms or as to the resulting limitations. . . ." The ALJ never explained which symptoms he found credible and which he found exaggerated, and which resulting limitations he found credible and which he found exaggerated. Simply stating plaintiff was not "fully credible" does not allow for meaningful review of whether plaintiff can perform a full range of medium work in light of the credible limitations or whether jobs are available with the credible restrictions. This is particularly so because medium work requires the ability to lift 50 pounds, to carry 25 pounds frequently, and to do a good deal of walking and standing. 20 C.F.R. § 404.1567(c); Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985). Without articulating the specific work restrictions justified by the credibility finding, there is no sufficiently stated basis which would justify use of the Grids.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #16) is **accepted and adopted** by the Court, with the exception of the scrivenor's errors so noted herein.

2. The Decision of the Commissioner of Social Security is **reversed** and the matter is **remanded** to the Commissioner of Social

Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can consider plaintiff's subjective testimony assuming it to be true and make specific findings as to residual functional capacity limitations and whether plaintiff can perform a full range of work at a given exertional level; and, if not able to perform such work, retain the services of a vocational expert and conduct a supplemental hearing.

3.   The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of September, 2006.

_____

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record